LOTTIE ESSEX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CHARLES ROGERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

J. A. ROGERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

D. N. POSTLEWAITE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EDITH E. JONES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 21887—21891. Promulgated March 14, 1930.

*T. L. Bartlett, Esq.,* for the petitioners.
*J. A. Lyons, Esq.,* and *H. B. Hunt, Esq.,* for the respondent.

OPINION.

SEAWELL: The petitioners contend (1) that section 280 of the Revenue Act of 1926 is unconstitutional, and (2) that if the section is constitutional, each of them is liable only for his pro rata portion of the unpaid tax of the corporation. The first question is governed by our prior decisions to the effect that transferees who avail themselves of section 280 by appealing to this Board can not question its validity in such proceedings. *Henry Cappellini et al.*, 14 B. T. A. 1269, and *Sarah M. Hadley*, 19 B. T. A. 74. And the second question must likewise be decided adversely to the petitioners' contention, on the authority of *Grand Rapids National Bank*, 15 B. T. A. 1166; *Annie G. Phillips et al., Executors*, 15 B. T. A. 1218; and *Sarah M. Hadley, supra.*

*Judgment will be entered for the respondent.*